UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|   |   |   |
|---|---|---|
| JOSE VELAZQUEZ,<br>*Plaintiff*, | :<br>:<br>: | No. 3:17-CV-00321 (VLB) |
| v. | :<br>:<br>: | FEBRUARY 22, 2018 |
| GATOR PARK, INC.,<br>*Defendant*. | :<br>:<br>:<br>:<br>: |   |

**MEMORANDUM OF DECISION ON MOTION TO DISMISS OR TRANSFER VENUE
[DKT. 18]**

Before the Court is Defendant's motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2) of the Federal Rules of Fed. R. Civ. P. 12(b)(2). *See* [Dkt. 18]. Plaintiff Jose Velazquez ("Plaintiff" or "Velazquez") filed this negligence action in state court and Defendant Gator Park, Inc. ("Defendant" or "Gator Park") removed this case based on valid diversity jurisdiction under 28 U.S.C. §§ 1332 and 1441. This action is based on Plaintiff's alleged injuries sustained when he fell off an airboat in the Florida everglades while taking one of Defendant's guided airboat tours. For the foregoing, this motion to dismiss is GRANTED and this case is transferred to the Southern District of Florida.

I. <u>Facts</u>

The following facts are taken from the complaint unless otherwise stated and are assumed but not found to be true for purposes of this decision. Gator Park is a Florida tour guide company that operates airboat tours in the Florida everglades. [Dkt. 1 ¶¶ 2, 4]. On or about May 2015, Mr. Velazquez took a group

1

airboat tour. *Id.* ¶ 4. The airboat crashed into an embankment, Mr. Velazquez was ejected into the water where alligators were known to be present, and he suffered injuries. *Id.* ¶ 6. Mr. Velazquez alleges the airboat was driven at a high speed. *Id.* ¶ 7. It is also alleged Defendant either failed to provide seatbelts or they were not properly inspected before operating the airboat. *Id.*

Gator Park operates a website where it sells tickets, and a person in Connecticut who wants to take an airboat tour can buy the ticket on the website. *Id.* ¶ 6. Plaintiff does not indicate whether he purchased a ticket on the online portal.

II. <u>Legal Standard</u>

To successfully defeat a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of showing that the Court has personal jurisdiction over the defendant. *Metropolitan Life Insurance Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 566 (2d Cir. 1996). "At this stage of the proceedings, the plaintiffs must make out only a *prima facie* showing of personal jurisdiction through their own affidavits and supporting materials and all affidavits and pleadings must be construed in the plaintiffs' favor." *Edberg v. Neogen Corp.*, 17 F. Supp. 2d 104, 110 (D. Conn. 1998) (citing *CutCo Industries, Inc. v. Naughton*, 806 F.2d 361, 365 (2d Cir. 1986)).

"[T]he amenability of a foreign corporation to suit in a federal court in a diversity action is determined in accordance with the law of the state where the court sits . . . ." *Arrowsmith v. United Press Int'l*, 320 F.2d 219, 223 (2d Cir. 1963) (en banc); *accord Hoffritz for Cutlery, Inc. v. Amajac, Ltd.*, 763 F.2d 55, 57 (2d Cir.

1985).  Accordingly, this court applies the law of the State of Connecticut. In order to ascertain whether a court has personal jurisdiction, Connecticut applies a two-step analysis. A court must first look to the forum State's long-arm statute and determine whether that statute reaches the foreign corporation. If the long-arm statute authorizes personal jurisdiction over a defendant, the court must then decide whether the exercise of jurisdiction over that party offends due process. *Bensmiller v. E.I. Dupont de Nemours & Co.*, 47 F.3d 79, 81 (2d Cir. 1995) (citing *Greene v. Sha-Na-Na*, 637 F. Supp. 591, 59 (D. Conn. 1986)).

### III.  Analysis

The facts relevant to personal jurisdiction are largely undisputed, and it is therefore helpful to discuss them in brief at the outset.  It is undisputed that Gator Park's website enabled users to purchase tickets online in advance of the tour. *See* [Dkt. 1 ¶ 5 (alleging defendant sells tickets through an online portal, which is available to Connecticut residents); Dkt. 18 (Reply) at 4 ("The defendant concedes that it is possible to purchase advance tickets, for rides in the Miami area, online.")].  Plaintiff does not, however, allege he purchased the ticket online.  *See* [Dkt. 16-1 at 5-6].  It also is undisputed Plaintiff sustained injuries in Florida.  *See* [Dkt. 1 ¶ 6; Dkt. 16-1 at 4].  The parties dispute whether these facts are sufficient to give rise to personal jurisdiction in Connecticut.

The Court must first determine whether Connecticut's long-arm statute reaches Gator Park.  A foreign corporation is subject to personal jurisdiction in Connecticut pursuant to Conn. Gen. Stat. § 33–929(f).  Plaintiff claims personal jurisdiction is valid under subsection (f)(2), which makes a foreign corporation

subject to suit in Connecticut for any action arising "out of any business solicited in this state by mail or otherwise if the corporation has repeatedly so solicited business, whether the orders or offers relating thereto were accepted within or without the state. . . ." Conn. Gen. Stat. 33-929(f)(2).[1]

Connecticut law has two methods for establishing personal jurisdiction: specific jurisdiction and general jurisdiction. Specific jurisdiction is valid "whenever the defendant has purposefully directed [its] activities at residents of the forum and the litigation [has] result[ed] from alleged injuries that arise out of or relate to those activities." *Thomason v. Chemical Bank*, 234 Conn. 281, 288 (1995) (internal quotation marks and citations omitted); *see Am. Wholesalers Underwriting, Ltd. v. Am. Wholesale Ins. Grp., Inc.*, 312 F. Supp. 2d 247, 254 (D. Conn. 2004) (stating Connecticut law defines specific jurisdiction as "generally speaking, [where] the defendant purposefully directs certain enumerated activities at the forum state, and those activities actually caused the harm complained of"). Specific jurisdiction is inapplicable here because Plaintiff was not injured in Connecticut and does not allege he took Gator Park's tour in response to a solicitation he received in Connecticut.

---

[1] **Plaintiff does not claim that jurisdiction is proper under § 33-929(f)(1), which subjects a foreign corporation to suit on a cause of action arising "[o]ut of any contract made in this state or to be performed in this state." The Complaint does not indicate the location where Plaintiff bought his airboat ticket. Indeed, it is the plaintiff's burden to establish personal jurisdiction when it has been challenged on a motion to dismiss. *See Cogswell v. Am. Transit Ins. Co.*, 282 Conn. 505, 515 (2007) ("If the defendant challenging the court's personal jurisdiction is a foreign corporation or a nonresident individual, it is the plaintiff's burden to prove the court's jurisdiction."). Therefore, the Court will not address this subsection.**

**General jurisdiction, in contrast, does not require a causal connection between the solicitation and the injury.** *See Thomason*, 234 Conn. at 296 (addressing § 33-929(f)'s predecessor statute, Conn. Gen. Stat. § 33-411(c)); *Centennial Helicopters, Inc. v. Sterling Corp.*, No. CV0504002666, 2005 WL 3508575, at *3 (Conn. Super. Ct. Nov. 22, 2005) (identifying § 33-411(c) as the predecessor statute to § 33-929(f)).  Rather, in Connecticut it requires "proof that a particular plaintiff's cause of action is similar to a cause of action that could have been brought here by a person whose business the defendant did solicit." *Thomason*, 234 Conn. at 297; *Am. Wholesalers*, 312 F. Supp. 2d at 256 (recognizing that Connecticut law requires only that plaintiff demonstrate the defendant "could reasonably have anticipated being hauled into court" by a person solicited in Connecticut and that the cause of action is not materially different from a possible action resulting from the solicitation) (quoting *Thomason*, 234 Conn. at 296); *F&F Screw Products, Inc. v. Clark Screw Machine Prods. Co.*, No. CV000500360S, 2002 WL 31894843, at *3 (Conn. Super. Ct. Dec. 10, 2002).

**In order to satisfy general jurisdiction, the defendant must have specifically targeted Connecticut residents.** *See Thomason*, 234 Conn. at 298 (finding personal jurisdiction established where "[t]he advertisements specifically encouraged Connecticut residents to place a wide variety of banking business with the trustee bank"); *Am. Wholesalers*, 312 F. Supp. 2d at 257 ("Without deliberate targeting, or at least a more substantial subscription base in Connecticut, there can be no purposeful availment of the laws of the State of

5

Connecticut, and therefore long-arm jurisdiction cannot be proper."); *West World Media, LLC v. Ikamobile Ltd.*, 809 F. Supp. 2d 26, 30 (D. Conn. 2011) (acknowledging Connecticut's "broad interpretation of solicitation" under § 33-929(f)(2) that focuses on activities intended to increase the general consumer base, while still requiring the activities to "specifically target Connecticut consumers").

This rule holds true where the internet is a method for advertising. Indeed, Connecticut trial courts have routinely held that personal jurisdiction is improper when a defendant's internet advertising does not specifically solicit Connecticut residents, even if the website itself is active (rather than passive). *Compare RJM Aviation Assocs., Inc. v. London Aircraft Serv. Ctr., Inc.*, No. HHBCV065000572S, 2008 WL 2745574, at *6 (Conn. Super. Ct. June 17, 2008) ("The plaintiff has not shown, nor even claimed, that during the time in question, any products were offered or sold over the internet to any Connecticut persons or that the defendant in any way targeted its website to Connecticut."); *Centennial Helicopters*, 2005 WL 3508575, at *6 ("Regardless of whether the activity necessary for a Connecticut consumer to be solicited by the defendant's internet advertising in the present case is considered active or passive, there is no evidence that the internet advertising of the defendant here specifically targeted Connecticut residents."); *F&F Screw Products*, 2002 WL 31894843, at *4 ("Even though Turret holds out on its website that it serves all of North America, it does not direct its advertising to Connecticut specifically or offer any special service, product, pricing, or other advantage to Connecticut residents."); *with Szollosy v. Hyatt*

*Corp.*, No. 399CV870 CFD, 2000 WL 1576395, at * 4 (D. Conn. Sept. 14, 2000) (finding jurisdiction appropriate under § 33-929(f)(2) because "[a]s a result of its in-state travel agency promotions and brochure circulation, as well as its availability to Connecticut customers over the Internet, the network is likely to prompt a significant number of Connecticut residents to utilize the services that it offers.") (internal quotation marks omitted); *Prout v. Mukul Luxury Hotel & Spa*, CV 156029341S, 2017 WL 1240047, at *4-5 (Feb. 28, 2017) (finding personal jurisdiction appropriate under § 33-929(f)(2) where defendants operated a website linking viewer to third party that booked hotel reservations, plaintiff made a reservation after viewing advertisement in magazine he received at his home, and defendants received revenue from Connecticut residents from 2014 through 2016).

Here, the Complaint merely alleges there existed a website with the capabilities of selling tickets online. *See* [Dkt. 1 ¶ 5]. There is no indication any Connecticut residents, including Plaintiff, received advertisements in Connecticut or were specifically targeted on the website. Therefore, because both the Complaint and the evidence are devoid of any facts establishing Defendant specifically solicited Connecticut residents, personal jurisdiction is not appropriate under § 33-929(f)(2). The Court need not address the second prong of the personal jurisdiction analysis because Plaintiff has failed to establish the first.

IV. <u>Conclusion</u>

**For the aforementioned reasons, the Court finds that personal jurisdiction is improper in the District of Connecticut.  Because Plaintiff has failed to establish personal jurisdiction is proper in the District of Connecticut, the Court must either dismiss case or transfer it under 28 U.S.C. § 1631. The Court finds that the interest of justice warrant transfer to the Southern District of Florida.  The Clerk is directed to transfer and then close this case.**

        **IT IS SO ORDERED**

        _____

        **Hon. Vanessa L. Bryant**
        **United States District Judge**

**Dated at Hartford, Connecticut: February 22, 2018**