UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:18-cv-20864-JLK

JOSE VELAZQUEZ,

    Plaintiff,

v.

GATOR PARK, INC.,

    Defendant.
_____/

## AMENDED COMPLAINT

Plaintiff, Jose Velazquez, by and through undersigned counsel, hereby sues Defendant, Gator Park, Inc., and alleges as follows:

### NATURE OF THE CASE

1. This is a civil action for personal injuries suffered by Plaintiff, Jose Velazquez, against Defendant, Gator Park Inc. This action arises out of an airboat tour accident that occurred on or about May 30, 2015. The said airboat was operated by an employee, agent or servant of the Defendant. The Defendant's negligence was a proximate and contributing factor for the Plaintiff's injuries.

### PARTIES

2. The Plaintiff, Jose Velazquez, is an individual, resident, and citizen of the State of Connecticut.

3. The Defendant, Gator Park, Inc. is a duly organized corporation in the State of Florida. Defendant operates tour boat excursions in the Everglades in Florida, where the

accident took place.

## VENUE AND JURISDICTION

4. This Court has jurisdiction over this action under 28 USC Sec 1332, in that the amount of controversy exceeds seventy-five thousand dollars ($75,000) and Plaintiff is a citizen of State of Connecticut and Defendant is incorporated and its principal place of business is in the State of Florida.

5. Venue is proper in this District because the accident occurred in or around Miami and at the Everglades, in Florida.

## FACTUAL ALLEGATIONS AND CLAIM FOR NEGLIGENCE

6. The Defendant provides or sells its tickets online (internet) via an online portal, where any person in Connecticut interested in taking or experiencing an airboat tour can buy a ticket. Plaintiff purchased a ticket for Defendant's airboat tour.

7. The Plaintiff and his friends visited the Defendant for an airboat tour of the Everglades.

8. On that trip on May 30, 2015, the airboat crashed into an embankment in the Everglades and as a result of the crash, the Plaintiff was ejected into the alligator infested waters onto the embankment and suffered extensive injuries.

9. Upon information and belief, the driver of the said airboat was an employee, agent or servant of the Defendant.

10. The employee was operating the airboat in its regular course of business.

11. The Defendant was careless and negligent in its ownership and operations of its airboat, which caused personal injuries to the Plaintiff.

12. The employee of the Defendant was negligently operating the airboat and driving the airboat at a high speed, and thus, the accident was caused by the recklessness, carelessness and negligence of the Defendant, for that among other acts and omissions the Defendant:

   a. operated the airboat without inspecting the said seats or seatbelt;
   b. failed to rectify, or failing to provide seatbelts;
   c. failed to observe due care and precaution and to maintain the speed of the airboat;
   d. failed to properly train and give direction to its employees who operated the airboat;
   e. In other respects not now known to the Plaintiff but which may become known Prior to or at the time of trial.

13. As a direct and proximate result of the negligence and carelessness of the Defendant, the Plaintiff:

   a. suffered serious, painful and most likely permanent bodily injuries, great physical pain and mental anguish, shock to the nervous system, severe and substantial emotional distress, loss of the capacity for the enjoyment of life;
   b. was, is and will be required to undergo medical treatment, surgery and to incur medical costs and expenses in order to alleviate injuries, pain and suffering;
   c. was, is and will be precluded from engaging in normal activities and pursuits, including a loss of ability to earn money and of actual earnings;
   d. deprivation of her ability to enjoy a normal life;
   e. and, otherwise was hurt, injured and caused to sustain losses.

14. All of the Plaintiff's losses as well as pain and suffering were, are and will be due solely to and by reason of the carelessness and negligence of the Defendant, without any negligence or want of due care on the Plaintiff's part contributing thereto.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment for damages against Defendant, including but not limited to;

1. An award of compensatory damages;

2. An award of punitive damages;
3. An award of taxable costs and interest;
4. And any other relief that the court deems appropriate and proper.

### DEMAND OF TRIAL BY JURY

Plaintiff hereby demands a jury trial as to all issues so triable as a matter of right under FRCP 38 et seq.

Date:  September 21, 2018.

/s/ S. Zaid Hassan

S. Zaid Hassan,esq (Pro Hac Vice)
Law Office of Zaid Hassan, LLC
11 Mountain Avenue, Suite 301
Bloomfield, CT- 06002
Tel 860-819-3648
Fax 866-501-9972
Bar No: ct27942
Email: zhassan@zaidlawfirm.com
*Lead Counsel for Plaintiff, Jose Velazquez*

/s/ Joel Ewusiak

Joel Ewusiak
Ewusiak Law, P.A.
Fla. Bar No.:  0509361
6601 Memorial Highway, Suite 311
Tampa, FL 33615
T:  727.286.3559
F:  727.286.3219
E:  joel@ewusiaklaw.com
*Local Counsel for Plaintiff, Jose Velazquez*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on September 21, 2018, the foregoing document was filed using the CM/ECF system, which will send notice of electronic filing to all counsel of record.

/s/ Joel Ewusiak
Joel Ewusiak