UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:18-CV-20864-JLK

JOSE VELAZQUEZ,

    Plaintiff,

v.

GATOR PARK, INC.,

    Defendant.
_____/

## ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION IN LIMINE

THIS CAUSE is before the Court upon Defendant Gator Park, Inc.'s ("Gator Park") Motion in Limine ("Motion") (D.E. 39), filed timely on June 8, 2019.

This case arises from alleged injuries Plaintiff suffered after falling out of an airboat while on a Gator Park tour. In the instant Motion, Defendant seeks an order prohibiting Plaintiff from the following at trial: (a) making statements of dubious relevance (for example, mentioning his wife's miscarriages) to "evoke sympathy from a jury;" (b) Plaintiff himself opining on the operation of the airboat without being qualified under *Daubert*; (c) testifying that the airboat operator did not drive the airboat on the return trip after the incident; (d) making various statements that it argues are inadmissible hearsay, such as a paramedic's statement at the scene telling Plaintiff that he "'would feel this tomorrow;'" (e) encouraging the jury to "send a message" with its verdict; (f) making reference to Defendant's not calling certain witnesses it deposed; (f) making reference to Defendant's insurance coverage; (h) asking the juror to "put himself or herself in the shoes of the litigant;" (i) telling jurors they would be personally affected

by the outcome of this case; and (j) introducing evidence of the gross amount of medical expenses paid by Plaintiff's insurer.[1]

The Court notes that Defendant relies on Plaintiff's deposition throughout its Motion, but has not provided the deposition transcript to the Court to review and consider. This would be reason enough deny the Motion. Moreover, the Court finds the subject matters Defendant requests be precluded in limine encompass evidence that (a) may never come up at trial, (b) if it does come up at trial, would be subject to objections, or (c) be admissible at trial if a proper predicate is laid. For this reason, the Court finds the motion should be denied without prejudice to Defendant's making appropriate objections if and when the contested evidence is actually introduced.

Accordingly, it is **ORDERED, ADJUDGED, and DECREED** that Defendant's Motion in Limine **(D.E. 39)** be, and the same is, hereby **DENIED without prejudice** to Defendant's right to raise appropriate objections if Plaintiff offers the contested evidence at trial.

It is further **ORDERED and ADJUDGED** that Plaintiff's Unopposed Motion for Extension of Time to Respond to Motion in Limine **(D.E. 40)** be, and the same is, hereby **DENIED as moot**.

**DONE and ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida this 24th day of June, 2019.

/s/ James Lawrence King
JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT of FLORIDA

cc:   **All Counsel of Record**

---

[1] To the extent Plaintiff stipulates not to present certain evidence at trial (*see* D.E. 39, at 4–5), those issues are moot, and require no further ruling by the Court.