UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:18-cv-20864-JLK

JOSE VELAZQUEZ,

    Plaintiff,

vs.

GATOR PARK, INC.,

    Defendant.
_____/

### PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT OR TO RECONSIDER ENTRY OF JUDGMENT AND INCORPORATED MEMORANDUM OF LAW

    Plaintiff, JOSE VELAQUEZ, by and through undersigned counsel and pursuant to Rule 60 of the Federal Rules of Civil Procedure and other applicable law, hereby files this Motion for Relief from Judgment or to Reconsider Entry of the Court's Final Order of Dismissal Without Prejudice for Failure to File Pre-Trial Stipulation, and in support thereof, states as follows:

    1.    This Action involves Jose Velazquez's claims for damages arising from personal injuries and damages suffered during an airboat tour accident on May 30, 2015. Doc. 33. Mr. Velazquez claims the Defendant, Gator Park, Inc., is liable for the damages suffered by Mr. Velazquez. Doc. 33.

    2.    During this litigation, this Court entered an Order requiring a Joint Pretrial Statement be filed on August 30, 2019. In the weeks leading up to this deadline, lead counsel for the Plaintiff, Zaid Hassan, and local counsel for the Plaintiff, Joel Ewusiak, communicated numerous times regarding the deadline and the requirements of the Joint Pretrial Statement.

Page **1** of **9**

3. During this time period, Hurricane Dorian was also turning in the Atlantic, and on August 30, 2019, weather forecasts indicated Hurricane Dorian was likely to make landfall on the Florida peninsula as a major hurricane.

4. With preparations underway for the approaching hurricane, Plaintiff's lead counsel contacted defense counsel concerning a rough draft of the Joint Pretrial Statement that he had prepared for review by Plaintiff's local counsel and to determine if defense counsel was agreeable to continue or extend the August 30, 2019 deadline for the Joint Pretrial Statement.

5. On August 30, 2019, defense counsel agreed to the proposed extension of time and indicated that he was out of the office preparing for the approaching hurricane: "Yes, go ahead. I am out today prepping for the hurricane. I do not think we will be open Tuesday or Wednesday depending on how the storm track goes." *See* Exhibit 1.

6. Due to the weather reports on Friday, August 30, 2019, schools and courts throughout Florida closed on September 3, 2019, with some remaining closed as of the date of this filing.

7. This Court was closed on September 3, 2019 due to the Hurricane.

8. Because Plaintiff's counsel reasonably believed that defense counsel was out of the office, and because the Court was closed, Plaintiff's counsel intended to file a Motion to Continue or Extend the Joint Pre-Trial Statement deadline on September 4, 2019. Prior to the filing, however, this Court entered the Final Order, dismissing the Plaintiff's claims without prejudice. Doc. 42. Undersigned counsel now appreciates that the Motion to Continue or Extend should have been filed previously, and asserts this failure was the result of confusion arising from Hurricane Dorian, mistake, and excusable neglect.

9. Furthermore, the Final Order results in extreme prejudice to Plaintiff, Mr. Velazquez himself, through no fault of his own. Specifically, while the dismissal is without prejudice, undersigned counsel believes that defense counsel will argue that any subsequent re-filing of the claims are time barred under the applicable statute of limitations. Therefore, while the Final Order is "without prejudice," the harsh, final result imposed on Mr. Velazquez may be the inability to have his case decided on the merits due to the brief delay in filing of the Joint Pretrial Statement under unusual circumstances.

10. The Federal Rules of Procedure allow the Court to provide relief, upon timely motion, from an Order based on mistake, inadvertence, surprise, excusable neglect and any other justifiable reason. Fed. R. Civ. Pro. Rule 60(b).

11. This Motion is timely, as it is filed on the same day as the date the Final Order was entered, and only one business day after the deadline for submission of the Joint Pretrial Statement.

12. Plaintiff, Mr. Velazquez, respectfully requests this Court to reconsider the Final Order, to re-docket the case, and to allow the parties to file the Joint Pretrial Statement as soon as possible, with permission from the Court.

13. Pursuant to Local Rule, counsel for Plaintiff has conferred with counsel for Defendant concerning the relief requested in this Motion. Counsel for Defendant opposes the requested relief.

## **MEMORANDUM OF LAW**

Through this Motion, Plaintiff respectfully requests the Court to vacate and reconsider its Order of Dismissal Without Prejudice for Failure to File the Pre-Trial Stipulation based on Rule 60 of the Federal Rules of Civil Procedure, as well as other applicable law. This Court may provide relief, upon a timely motion, to a party or its representative from a Final Order for "mistake,

inadvertence, surprise, or excusable neglect" as well as "any other reason that justifies relief." As set forth more thoroughly below, while the Parties regret that the Pre-Trial Statement was not filed on Friday, August 30, 2019, this failure resulted from a convergence of multiple issues that satisfy the requirements of Rule 60, *to wit*, mistake, inadvertence and excusable neglect.

Specifically, although communications regarding the Joint Pretrial Statement were ongoing between Plaintiff's lead counsel and local counsel, as well as between Plaintiff's counsel and defense counsel, prior to the deadline, the parties did not file the Joint Pretrial Statement, as the parties had agreed to file a motion for extension of time, and the attorneys and clients located in Florida were, on the date of the deadline, preparing for Hurricane Dorian, at the time believed to be heading to and impacting all of Florida as a catastrophic major hurricane. In fact, this Court, along with numerous state courts, announced on August 30, 2019 that the courts would be closed on at least September 3, 2019.[1] As a result of the convergence of these issues, Plaintiff's lead counsel mistakenly believed that the motion for extension of time or continuance of the Joint Pretrial Statement deadline requirements could be filed after August 30, 2019.

Importantly, justice also requires that the Court set aside and/or reconsider the Final Order. Due to mistake, inadvertence, and excusable neglect of counsel, the Plaintiff's claim may be irreparably harmed, unfairly prejudicing the Plaintiff due to actions or inactions of lead counsel and misunderstandings and confusion in light of the impending hurricane. Indeed, while the Final Order is "without prejudice," the effect of the Final Order, which requires the Plaintiff to re-file the case, may have the effect of totaling barring the Plaintiff's claim due to a Statute of Limitations defense (i.e., this accident occurred on May 30, 2015). *Solis v. CitiMortgage, Inc.*, 700 F. App'x 965, 969 (11th Cir. 2017)("Where a dismissal has the effect of precluding an appellant from

---

[1] Several courts throughout Florida remain closed as of the date of this filing.

refiling her claim because the statute of limitations has run, the dismissal is 'tantamount to a dismissal with prejudice.'")

### I.     LEGAL STANDARD

Rule 60(b) of the Federal Rules of Civil Procedure provides, in part: "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; ... or (6) any other reason justifying relief." Rule 60(b) is interpreted by Federal Courts to encompass motions for reconsideration. See Monticello Ins. Co. v. Dynabilt Manufacturing Co., 2005 WL 2578715 (M.D. Fla. Oct. 13, 2005); *11 Charles Alan Wright et al., Federal Practice & Procedure § 2810.1* (3d ed. 2017). [2]

The circumstances here, including the impending hurricane, an agreement with defense counsel regarding an extension for the submission of the Joint Pretrial Statement, and the subsequent closure of the Court warrant relief from the Final Order under Rule 60(b). The Southern District of Florida has previously set aside final judgments in circumstances involving hurricanes under Rule 60(b). See Montero v. Potter, 174 F. App'x 489, 491, 2006 WL 827294 (11th Cir. 2006) (finding it improper to deny Rule 60(b) motion); see also Hurtado v. Balerno Int'l, Ltd., no. 17-6220-CIV, 2018 WL 4053122, at *4 (S.D. Fla. Aug. 24, 2018) (finding good cause existed for failing to respond to a complaint where numerous hurricanes in 2017 impacted the filing).

Failing to comply with a deadline can also serve as a basis for a motion to reconsider and a motion under Rule 60(b). See Monticello Ins. Co. v. Dynabilt Manufacturing Co., 2005 WL

---

[2] "A motion for reconsideration must demonstrate why the court should reconsider its prior decision and 'set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.'" Florida College of Osteopathic Med., Inc. v. Dean Witter Reynolds, Inc., 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998).

2578715, *2 (M.D. Fla. Oct. 13, 2005) ("'For purposes of Rule 60(b), 'excusable neglect' is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence.") (citations omitted).

For purposes of determining whether a Rule 60(b) motion should be granted, this Court should consider: "Whether a party's neglect of a deadline may be excused is an equitable decision turning on 'all relevant circumstance surrounding the party's omission,' including (1) the danger of prejudice to the opposing party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith." Monticello Ins. Co. v. Dynabilt Manufacturing Co., 2005 WL 2578715, *2 (M.D. Fla. Oct. 13, 2005) (citing Pioneer Investment Serv. Co. v. Brunswick Assoc. Ltd., 507 U.S. 380 (1993)).

In Monticello, the Court found a one-month delay and failure to timely respond to a motion due to "providing assistance to one's family caused by a severe and devastating hurricane" was "clearly excusable neglect within the meaning of Federal Rule of Civil Procedure Rule 60(b)." Monticello Ins. Co. v. Dynabilt Manufacturing Co., 2005 WL 2578715, *2 (M.D. Fla. Oct. 13, 2005). Similarly, in Montero, the Eleventh Circuit found the Southern District improperly denied a Rule 60(b) motion filed with a reasonable amount of time (seven days after entry of summary judgment), not as a substitute for appeal, and other under circumstances that prevented a trial on the merits, prohibiting the claimant there an opportunity to present his case. Id. Among other issues, the operative motion was pending during Hurricane Jeanne. Id. The Eleventh Circuit stated that the Southern District failed to explain "why the hurricane was not a justifiable basis for 'excusable neglect.' Rather, it cited as the basis for its ruling, first, its desire to reach a timely

disposition of the case, and second, an apparent determination that Montero's failure to respond to the motion was the result of his attorney's oversight." Id.

Here, all factors support granting this motion: (1) no prejudice will result to defendant in granting this Motion; (2) substantial prejudice will result to Mr. Velazquez, who's claim will not likely be decided on the merits; and (3) the substantial reasons for the brief delay are justifiable mistake and excusable neglect.

**II.     THE FACTS JUSTIFY RELIEF FROM THE FINAL ORDER**

The Final Order indicates the dismissal is without prejudice for refiling under a new case number. Doc. 42. However, re-filing under a new case number with a new case assignment will result in undue prejudice to the Plaintiff himself. Specifically, Plaintiff's counsel anticipates that if re-filed, the Defendant will argue that the statute of limitations bars any subsequent suit. Given this Court's strong preference for determination of claims on the merits, as opposed to the missing of a deadline under these circumstances, relief from the Final Order is justified. Specifically, Plaintiff's claim arguably arose on or about May 15, 2015. If the Defendant argues the statute of limitations is four years or less, then any subsequent suit would be time barred (should Defendant succeed on such motion). Given the risk to the Plaintiff himself of a re-filed suit being time-barred, the Final Order effectively may operate as a final adjudication by virtue of counsel's failure to file the Joint Pre-Trial Statement.

This is not to say that counsel is unaware of the importance of complying with this Court's deadlines and the Rules of Procedure; rather, counsel respects such deadlines. This was an unusual event arising under unusual circumstances. Undersigned counsel represents and acknowledges that the Joint Pre-Trial Statement was due on August 30, 2019. Local counsel, Joel Ewusiak, informed lead counsel of this deadline and the requirements of this deadline, in addition to this Court's

Order. Lead counsel was to prepare the Joint Pre-Trial Statement and work with defense counsel to do so; meanwhile lead counsel contacted defense counsel regarding the impending deadline for submission of the Joint Pre-Trial Statement and the need for an extension of time.

Due to the approaching Hurricane Durian and being out of the office, defense counsel agreed to an extension of the deadline for the Joint Pretrial Statement in writing. As of August 30, 2019, all Florida-based counsel, and in particular, defense counsel based in South Florida, were preparing for the impending Hurricane. By this time, a State of Emergency[3] had been declared and this Court, along with others throughout Florida were closed. Thus, due to a misunderstanding arising from the hectic nature of events on August 30, 2019, a Motion to Continue or Extend was not filed, but was planned to be filed when this Court re-opened on September 4, 2019 (as opposed to August 30, 2019). Before the Motion to Continue or Extend was filed on September 4, 2019, this Court entered the subject Final Order.

Undersigned counsel represents that this was not a circumstance where any counsel intended to not follow the Court's order. Justice requires that under these circumstances, the Plaintiff be granted relief from the Final Order. The Plaintiff requests that this matter be re-docketed by the Court so that the parties may file the Joint Pretrial Statement as soon as possible and proceed toward trial.

### III.   CONCLUSION

Plaintiff respectfully requests this Court GRANT this Motion, finding the circumstances here justify the Court to vacate or reconsider the entry of the Final Order.

Date:  September 4, 2019.

---

[3] https://www.flgov.com/2019/08/28/governor-ron-desantis-declares-state-of-emergency-urges-floridians-to-prepare-for-hurricane-dorian/

| | |
|---|---|
| /s/ Syed Zaid Hassan<br>**Syed Zaid Hassan**<br>Law Office of Zaid Hassan, LLC<br>11 Mountain Ave., Suite 301<br>Bloomfield, CT 06002<br>Phone: (860) 819-3648<br>Email: zhassan@zaidlawfirm.com<br>*Trial Counsel for Plaintiff* | /s/ Joel Ewusiak<br>**Joel Ewusiak**<br>Fla. Bar No.: 0509361<br>Ewusiak Law, P.A.<br>6601 Memorial Highway, Suite 311<br>Tampa, FL 33615<br>Telephone: 727.286.3559<br>Fax: 727.286.3219<br>Email: joel@ewusiaklaw.com<br>*Local Counsel for Plaintiff* |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on September 4, 2019, the foregoing document was filed using the CM/ECF system, which will send notice of electronic filing to all counsel of record.

/s/ Joel Ewusiak
**Joel Ewusiak**