UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:18-cv-20864-JLK/JB

JOSE VELZQUEZ,

    Plaintiff,

vs.

GATOR PARK, INC.,

    Defendant.

_____/

**REPLY TO DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR EXTENSION OF TIME AND MEMORANDUM OF LAW**

The Plaintiff, JOSE VELAZQUEZ, by and through undersigned counsel, pursuant to Local Rule 7.1, hereby files his reply to Defendant's Response in Opposition to Plaintiff's Motion for Extension of Time and Memorandum of Law, served on October 6, 2020, and states the following:

1. On September 29, 2020, Plaintiff filed and served his Motion for Extension of Time [DE-56] petitioning this Court for enlargement of the current discovery deadlines established in its amended scheduling order [DE-53], entered on April 24, 2020.

2. Defendant filed and served its objection to Plaintiff's motion [DE-57] on October 6, 2020, citing Plaintiff's alleged failure to establish "excusable neglect" pursuant to Rule 6(b), Federal Rules of Civil Procedure.  This reply follows.

**MEMORANDUM OF LAW**

Equity is the fulcrum upon which a determination of excusable neglect pivots. Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395, 113 S. Ct. 1489, 1498, 123 L. Ed. 2d 74 (1993).  A court must consider the entirety of circumstances surrounding a movant's claim for relief. Id.; cf. Goncalves v. Sec'y, Dep't of Corr., 745 F. App'x 151, 152 (11th Cir. 2018) ("…four factors in determining whether the neglect is excusable…(1) the danger of prejudice to the

nonmoving party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the movant's reasonable control; and (4) whether the movant acted in good faith."). The absence of prejudice and the interest of efficient judicial administration should guide the court's inquiry. Fisher v. Office of State Attorney 13th Judicial Circuit Fla., 162 F. App'x 937, 940 (11th Cir. 2006) ("We recognized that *Pioneer* 'accorded primary importance to the absence of prejudice ... and to the interest of efficient judicial administration.'").

Here, Defendant's challenge to Plaintiff's motion for an enlargement of the scheduling order deadlines comes just several months after the Defendant requested, and was granted, its own enlargement of the scheduling order deadlines. While the Defendant's response in opposition assails the basis of Plaintiff's request, which is rooted, in part, on the effects of the current pandemic, Defendant's own motion for increased time was based *entirely* on the effects of said pandemic. These points are raised, less for a tit-for-tat, but rather to demonstrate that fairness – equity – weighs in favor of granting Plaintiff's Motion.

In addressing the *Pioneer* factors, first, Defendant suggests that granting Plaintiff's requested relief would be "highly prejudicial to Defendant," but fails to explain how. This is significant considering that, during the parties' recent conferral, noted in Defendant's response, defense counsel indicated that, should discovery be re-opened, he would seek to have Plaintiff appear for a compulsory medical examination (CME). Rather than prejudicing the Defendant, a brief resumption of discovery would benefit its position by providing a previously missed opportunity to secure a CME.

Second, Plaintiff is seeking only a 90-day extension to complete, rather than "start," the discovery process. Third, the logistical issues incumbent with Plaintiff's, and his *pro hac* counsel's, efforts to coordinate litigation in Florida, compounded by the emergence of COVID-19, were hardly

2

matters within Plaintiff's control.  Removal to Florida was initiated by Defendant and the virus, as far as we know, is an unforeseen act of nature.  Finally, Plaintiff has acted in good faith.  His request for relief is, first and foremost, an attempt to ensure that trial in this matter is truly on the merits.

WHEREFORE, the Plaintiff, JOSE VELAZQUEZ, respectfully requests that this Court enter an Order granting an extension of the time for the parties to complete pretrial discovery and file any pretrial motions and for any further relief this Court deems just and appropriate.

Dated this 13th day of October 2020.

Respectfully submitted,

Knight Law, P.A.
20801 Biscayne Blvd, 4th Floor
Aventura, Florida 33180
Telephone: 786.480.0045

By: /s/ Jeremy I. Knight
Florida State Bar No.: 1009132
Email: Yirmi@KnightLawFL.com
By: /s/ Elroy M. John, Esq.
Florida State Bar No.: 100248
Email: Elroy@KnightLawFL.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of October 2020, a true and correct copy was electronically filed and served via the Court's CM/ECF system.

Knight Law, P.A.
20801 Biscayne Blvd, 4th Floor
Aventura, Florida 33180
Telephone: 786.480.0045

By: /s/ Jeremy I. Knight
Florida State Bar No.: 1009132
Email: Yirmi@KnightLawFL.com
By: /s/ Elroy M. John, Esq.
Florida State Bar No.: 100248
Email: Elroy@KnightLawFL.com
*Attorneys for Plaintiff*