UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Case No. 1:18-cv-20864-JLK
Civil Division - King/Simonton

JOSE VELAZQUEZ
 *Plaintiff*
v.
GATOR PARK, INC.,
 *Defendant*
_____/

**PLAINTIFF'S MOTION FOR RECONSIDERATION AND RELIEF FROM ORDER OF DISMISSAL FOR FAILURE TO PROSECUTE**

Plaintiff hereby files this motion for reconsideration and relief from order of dismissal for failure to prosecute, [D.E. 59], pursuant to Fed. R. Civ. P. 59(e) and 60(b), and states the following in support.

**INTRODUCTION**

Plaintiff seeks reconsideration of an order dismissing this case for lack of prosecution, because such a dismissal is the most severe sanction, as it has the effect of a dismissal with prejudice, as the statute of limitation for filing a new case has already run out on Plaintiff. The record demonstrates that all the delays up to this Point were caused either by actions of Defendant, (removal, transfer, continuance), or by acts of God (COVID-19). Such actions do not amount to the "willful" misconduct to justify the most severe of sanctions.

**PROCEDURAL POSTURE**

This case was originally filed by Plaintiff in Connecticut State Court on February 2, 2017, for a horrifying boating accident which caused Plaintiff permanent injury, when he was ejected into alligator infested waters, as a result of Defendant's negligence. [D.E. 1 at 5-6]. The underlying boating accident occurred on May 30, 2015. [D.E. 33 at 1].

On February 23, 2017, Defendant removed the case to the US District Court for the District of Connecticut, based on diversity of citizenship. [D.E. 1]. Three months later, on May 23, 2017, Defendant filed a motion to transfer the case to the US District Court for the Southern District of Florida, [D.E. 16], which was granted on February 22, 2018, [D.E. 23], more than a year after the original action was filed. The transfer was completed on March 7, 2018. [D.E. 24].

On September 4, 2018, this Court entered a trial order for a jury trial date of December 9, 2019, [D.E. 32].

On September 4, 2019, this Court *sua sponte* entered an order of dismissal, for failure to file a joint pretrial stipulation, [D.E. 42], but upon reconsideration, [D.E. 43], was vacated, recognizing that there was a misunderstanding between the parties that caused that error. [D.E. 46].

Thereafter, Plaintiff's counsel withdrew from this case, [D.E. 47], and Plaintiff was forced to present himself *pro se*. [D.E. 50].

On January 10, 2020, this Court entered a new trial order, setting a jury trial for July 13, 2020, [D.E. 49], however, on April 6, 2020, this Court entered an order continuing the pretrial conference (indefinitely), pursuant to an administrative order. [D.E. 51].

On April 23, 2020, Defendant requested an extension of time to file the pretrial stipulation, [D.E. 52], specifically advising this Court, that "the parties are in the process of preparing the pretrial stipulation," but nevertheless Defendant asked for an extension because of its paralegal's medical condition. [D.E. 52 at 1-2]. On April 24, 2020, this Court granted Defendant's motion for extension, and set a new trial date for February 22, 2021, and the deadline for filing a pre-trial stipulation for November 4, 2020. [D.E. 53].

On September 17, 2020, this Court entered a Notice of Impending Dismissal for Lack of Prosecution, [D.E. 54], unless "some action is taken" by September 30, 2020. Plaintiff who represented himself at that point *pro se*, did not understand what caused that notice, what action was to be taken, and was not aware if there were any missed filing deadlines, as prior counsel did not provide him with any such information. [See Velazquez Aff.].

Immediately after the notice, on September 27, 2020, Plaintiff retained new undersigned counsel. [D.E. 55]. Realizing the looming September 30, 2020 date, and the lack of time to fully familiarize itself with all the details of the case in just 3 days, counsel filed a motion for extension of time. [D.E. 56]. Importantly, this was the first time in the entire three (3) and a half year case history that the *Plaintiff* requested an extension for time. In its motion, Plaintiff identified the need of only one additional deposition. [D.E. 56 at 2].

On October 14, 2020, this Court denied Plaintiff's first ever motion for extension of time, and instead, *sua sponte* dismissed this case for failure to prosecute, pursuant to Fed. R. Civ. P. 41(b). [D.E. 59].

**MEMORANDUM OF LAW**

Although "dismiss for want of prosecution lies within the trial court's discretion … the severe sanction of dismissal—with prejudice or the equivalent thereof—should be imposed 'only in the face of a clear record of delay or contumacious conduct by the plaintiff.' *McKelvey v. AT & T Techs., Inc.*, 789 F.2d 1518, 1520 (11th Cir. 1986). "The prototypical example [for dismissals without prejudice that have the effect of being with prejudice] is a dismissal without prejudice where the refiling would be barred by the statute of limitations." *Schwab v. Sec'y, Dept. of Corr.*, 284 Fed. Appx. 643, 644 (11th Cir. 2008). "Dismissal under Rule 41(b) is appropriate where there

is a clear record of 'willful' contempt and an implicit or explicit finding that lesser sanctions would not suffice." *Gratton v. Great Am. Communications*, 178 F.3d 1373, 1374–75 (11th Cir. 1999)

This Court's order of dismissal for want of prosecution, was the equivalent of a dismissal with prejudice, because refiling would be barred by the statute of limitation. The underlying boating accident giving rise to this negligence-based action occurred on May 30, 2015. [D.E. 33 at 1]. Pursuant to §95.11(3)(a), Fla. Stat. there is a four (4) year statute of limitations for "an action founded on negligence." Thus, refiling would be barred by statute, and this Court's October 14, 2020 order of dismissal, had the effect of a dismissal with prejudice, which is only appropriate when there is "willful" contempt.

In its notice, this Court accurately noticed that "[t]his matter has been pending since February 23, 2017." [D.E. 54 at 1]. Nevertheless, an inspection of the record reveals that none of the delays were caused by Plaintiff, much less *willfully*. In fact, prior to its last motion for extension of time (which was denied), the only party that repeatedly caused delay by filing motions for extension of time was *Defendant*, not Plaintiff, and it would be manifest error to sanction Plaintiff, for actions committed by Defendant. This is also notwithstanding the fact that Defendant had opposed Plaintiff's sole motion for extension of time, in an abundance of bad faith, since just days prior Defendant had asked Plaintiff if it could coordinate a time to have the Plaintiff submit to a medical examination (part of Discovery), in which Plaintiff gladly obliged, that, oddly enough was not requested from Plaintiff when he flew to Florida from Connecticut for his deposition.

Lastly, there seems to be a misunderstanding of fact by this Court of its latest motion for extension of time. In its motion, Plaintiff points out that the parties have engaged in discovery, "including completion of two depositions." [D.E. 56 at 1], and only asked for one additional deposition that of Gator Park, Inc.'s corporate representative. [Id at 2]. However, this request was

misinterpreted to mean that "Plaintiff is not ready for pretrial conference." [D.E. 59 at 1]. In fact, Plaintiff is ready for pretrial conference even without that one deposition. Here, even if this Court were to find Plaintiff's action sanctionable, a lessor sanction is available, namely, preventing Plaintiff from taking another deposition. Thus, Pursuant to *Gratton*, 178 F.3d at 1375, dismissal with prejudice was reversible error.

## CONCLUSION

WHEREFORE Plaintiff respectfully asks this Court to vacate its order of dismissal, and to reinstate this action.

## REQUEST FOR HEARING

Plaintiff, pursuant to Local Rule 7.1(b)(2), respectfully requests a hearing before the Court on the matters herein on the basis that the implications for Plaintiff are particularly detrimental and that oral argument will aid the Court in reaching a just and proper resolution as to the relief requested.

Plaintiff estimates that argument would require no more than 15 minutes.

## RULE 7.1(a)(3) CERTIFICATE OF CONFERRAL

I HEREBY CERTIFY that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion and has been unable to do so.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 26, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

Respectfully Submitted,

Knight Law, P.A.
20801 Biscayne Blvd, 4th Floor
Aventura, Florida 33180
Telephone: 786.480.0045

By: /s/ Jeremy I. Knight
Florida State Bar No.: 1009132
Email: Yirmi@KnightLawFL.com
By: /s/ Elroy M. John, Esq.
Florida State Bar No.: 100248
Email: Elroy@KnightLawFL.com
*Attorneys for Plaintiff*