UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Case No. 1:18-cv-20864-JLK
Civil Division - King/Simonton

JOSE VELAZQUEZ
    *Plaintiff*
v.
GATOR PARK, INC.,
    *Defendant*
_____/

**PLAINTIFF'S REPLY IN SUPPORT FOR ITS MOTION FOR RECONSIDERATION AND RELIEF FROM ORDER OF DISMISSAL FOR FAILURE TO PROSECUTE**

Plaintiff hereby files its reply in support for its motion for reconsideration and relief from order of dismissal for failure to prosecute, [D.E. 60], and states the following.

Defendant, in its opposition contends that Plaintiff's motion should be denied because Plaintiff fails to meet the standards Fed . R. Civ. P.  59(e) and 60(b), and alleges that Plaintiff's procedural outline is somehow a "revisionist history." [D.E. 61 at 1], without any merit. Nothing can be further from the truth. But most importantly, Defendant fails to acknowledge or even mention the fact that this case is currently ready for trial, and therefore, should not have been dismissed.

As an initial matter, the order of dismissal clearly indicates that it was done pursuant to Fed. R. Civ. P. 41(b). [D.E. 59], for failure to prosecute, and not for a violation of a discovery order under rule Fed. R. Civ. P. 37(b)(2)(A). Yet, Defendant's response erroneously cites to cases dealing with dismissal under Fed. R. Civ. P. 37(b)(2)(A). [D.E. 61 at 4].

A simple review of the record also reveals that dismissal was for failure to prosecute, and not for violating any court order. On April 24, 2020, this Court granted Defendant's motion for extension of time, and set a discovery deadline for September 9, 2020. [D.E. 53].  When the court

issued its Notice of Impending Dismissal for Lack of Prosecution on September 17, 2020, [D.E. 54], the discovery deadline already passed, and there was nothing left for Plaintiff to do, other than to request for additional time. Thus, Defendant's assertion that "dismissal with prejudice upon disregard of an order, <u>especially where the litigant has been forewarned</u>," [D.E. 61 at 5], is disingenuous and misleading.

Defendant acknowledges that Plaintiff served discovery requests back in May 2019, [D.E. 61 at 2], and participated in multiple depositions. [Id.] But most importantly, Defendant cannot point to a single action where Plaintiff violated or disregarded any court order, much less "willfully"[1] to justify dismissal with prejudice. Similarly, Defendant cannot point to a single action by Plaintiff that caused delay. To the contrary, every single action that delayed this case up to this point, was either caused directly by Defendant (removal [D.E. 1], mot. to dismiss, [D.E. 16], mot. to file sur-reply, [D.E. 19], mot. for extension of time, [D.E. 40], mot. for extension of time, [D.E. 52]) , or Defendant substantially contributed to it. (reconsideration [D.E. 45]), there is definitely no "clear record of delay" by Plaintiff to justify dismissal.

Lastly, Defendant's contention that Plaintiff failed to meet the standards for a Rule 60(b) vacature, [D.E. 61 at 5], is without merit. "The purpose of a Rule 60(b) motion is 'to permit the trial judge to reconsider matters so that he can correct obvious errors or injustices and so perhaps

---

[1] Although Defendant mentions the prior dismissal for failure to file the joint pre-trial stipulation timely, [D.E. 61 at 2-3], Defendant by its own admission, took some of the blame for that misunderstanding, by explaining that "The Undersigned Counsel [for Defendant] was out of the office on Friday, beginning to put up hurricane shutters in preparation of Hurricane Dorian, and, frankly, only "sparingly looking at email" and acknowledged that "To the extent the Court finds the Plaintiff has met the standard for excusable neglect, Undersigned Counsel has no further grounds at this time." [D.E. 45 at 2-3].

obviate the laborious process of appeal.'" *Carter By & Through Carter v. United States*, 780 F.2d 925, 928 (11th Cir. 1986)(quoting *Fackelman v. Bell*, 564 F.2d 734. 736 (11th Cir.1977)). As Plaintiff pointed out in its motion, dismissal without a "clear record of delay or contumacious conduct," was an abuse of discretion, *McKelvey v. AT&T Techs., Inc.*, 789 F.2d 1518, 1520 (11th Cir. 1986), and reversible error. [D.E. 60 at 3-4].

    WHEREFORE Plaintiff is ready to file the pre-trial stipulation, and proceed to trial even without any additional discovery, and respectfully requests this Court vacate the dismissal, and reinstate the case, so it can proceed on the merits.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 4, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

Respectfully Submitted,

Knight Law, P.A.
20801 Biscayne Blvd, 4th Floor
Aventura, Florida 33180
Telephone: 786.480.0045

By: /s/ Jeremy I. Knight
Florida State Bar No.: 1009132
Email: Yirmi@KnightLawFL.com
By: /s/ Elroy M. John, Jr., Esq.
Florida State Bar No.: 1002480
Email: Elroy@KnightLawFL.com
*Attorneys for Plaintiff*